UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

L'TOINE C THOMPSON,

                Plaintiff,

  v.

TYLER M. KIDD,

                Defendant.
_____

**REPORT
AND
RECOMMENDATION**
-------------------------
**DECISION
AND
ORDER**

24-CV-693-JLS(F)

APPEARANCES:    RICHMOND VONA, LLC
                         Attorneys for Plaintiff
                         BRIAN J. ALTERIO, of Counsel
                         192 Seneca Street
                         Suite 200
                         Buffalo, New York  14204

                         KENNEY SHELTON LIPTAK NOWAK LLP
                         Attorneys for Defendant
                         ROBERT DAVID BANNISTER, of Counsel
                         The Calumet Building
                         233 Franklin Street
                         Buffalo, New York 14202

## JURISDICTION

By order of Hon. John L. Sinatra, Jr., filed August 28, 2024, this case was referred to the undersigned for all dispositive and non-dispositive matters. *See* Dkt. 5. It is presently before the court on Plaintiff's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(3) and 12(b)(6) (Dkt. 4) and Plaintiff's request for jurisdictional discovery.[1]

---

[1] A request for jurisdictional discovery is non-dispositive. *See Holland v. Cardem Ins. Co., Ltd*, 2020 WL 9439381, at *15 n. 7 (D.D.C. June 22, 2020) (noting that "a ruling on a request for jurisdictional discovery is non-dispositive." (citing *Matheson Tri-Gas, Inc. v. Williamson Gen. Contractors, Inc.*, 2018 WL 4938934, at *1 (W.D. La. Oct. 11, 2018) ("The decision by Magistrate Judge Kay to grant Williamson's

## BACKGROUND

Plaintiff's action was commenced by filing of the Complaint on July 24, 2024 (Dkt. 1) based on diversity.  See Dkt. 1 ¶ 2.1 (alleging Plaintiff is a New York resident and Defendant is a resident of Pennsylvania).  On August 27, 2024, Defendant, in lieu of an answer, filed Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) ("Rule 12(b)(2)"), that Plaintiff's action is barred by the statute of limitations as applicable under Pennsylvania law pursuant to Fed.R.Civ.P. 12(b)(6), ("Rule 12(b)(6)"), and for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) ("Rule 12(b)(3)") ("Defendant's motion").  On October 8, 2024, in opposition to Defendant's motion, Plaintiff filed the Declaration of Brian J. Alterio, Esq. ("Alterio Declaration") together with Exhibit A (a copy of Commonwealth of Pennsylvania Police Crash Report) (Dkt. 8-1) and B (a copy of Plaintiff's Original Complaint) (Dkt. 8-2) ("Alterio Declaration Exh(s). A and B"), together with a Memorandum of Law (Dkt. 8-3) ("Plaintiff's Memorandum of Law").  On October 18, 2024, Defendant filed a Memorandum of Law in Reply (Dkt. 10) ("Defendant's Reply").  Oral argument was deemed unnecessary. Based on the following, Defendant's motion should be GRANTED; Plaintiff's request for jurisdictional discovery is DENIED.

## FACTS[2]

Plaintiff alleges she is a resident of New York State, who lives in Niagara Falls, New York.  Defendant is alleged to be a resident of Pennsylvania.  While motoring

---

request for jurisdictional discovery is a non-dispositive matter."), and *Fireclean, LLC v. Tuohy*, 2016 WL 3952093, at *9 (E.D. Va. July 21, 2016) (noting that "a jurisdictional discovery ruling is not dispositive"))).

[2]  Taken from the pleadings and papers filed in this action.

through Bedford County, Pennsylvania, on September 1, 2021, Plaintiff's car was struck by Defendant's car at approximately 2:45 p.m. when Defendant, traveling southbound along a highway, attempted to make a left hand turn across the highway upon which Plaintiff was driving in a northerly direction.  As a result of the collision, Plaintiff suffered a torn meniscus in her right knee for which Plaintiff required surgery performed by a local surgeon.  Plaintiff also required chiropractic treatment for her spinal injuries caused by the collision as well as physical therapy all of which were provided by health care professionals within this district.  At the present time, Plaintiff is not aware of Defendant's address when the accident occurred nor any prior contact Defendant may have had with New York State.

1.  <u>Personal Jurisdiction</u>.

In support of Defendant's motion to dismiss for lack of personal jurisdiction, Defendant contends that where a New York resident is involved in an auto accident occurring, as in the instant case, in Pennsylvania, and the Plaintiff fails to allege any basis for asserting long-arm jurisdiction arising under N.Y.C.P.L.R. 302(a)[1] (transacting any business within that state) ("C.P.L.R. 302(a)[1]"), or under N.Y.C.P.L.R. 302(a)[3] (committing a tort without the state causing injury to a person or property within New York State) ("C.P.L.R." 302(a)[3]"), Defendant's motion should be granted. Defendant's Memorandum of Law (Dkt.4-1) at 9-13 (citing cases). Plaintiff's response is limited to an assertion that Defendant's motion is premature as no fact discovery has taken place and that Plaintiff should be permitted to engage in limited paper discovery and depositions to ascertain Defendant's possible New York State connection, prior to granting Defendant's motion. Plaintiff's Memorandum of Law (Dkt. 8-3) at 5-6.

3

As relevant to Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) ("Rule 12(b)(2)"), the court must first "'determine whether there is jurisdiction over the defendant under the relevant forum's state laws.'" *DeLorenzo v. Viceroy Hotel Group, LLC*, 757 Fed.Appx. 6, 7 (2d Cir. 2018) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)). "'If the exercise of jurisdiction is appropriate under that statute [the forum state's laws], the court then must decide whether such exercise comports with the requisites of due process.'" *Id.* (quoting *Bensusan Rest. Corp. v. King,* 126 F.3d 25, 27 (2d Cir. 1997)). "'To survive a Rule 12(b)(2) motion, a plaintiff must make a *prima facie* showing of jurisdiction that includes an averment of facts that, if credited by the trier of fact, would suffice to establish jurisdiction over the defendant.'" *Id.* (citing *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018)). "[C]onclusory non-fact-specific jurisdictional allegations" are insufficient to establish a *prima facie* finding of personal jurisdiction over a non-resident defendant tort-feasor. *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 185 (2d Cir. 1998). Rather, Plaintiff's "'[f]actual allegations [concerning personal jurisdiction] must be enough to raise a right to relief above the speculative level,'" in this case personal jurisdiction over Defendant. *Strickland v. Hegedus,* 2022 WL 2306976, at *1 (W.D.N.Y. June 27, 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). On a Rule 12(b)(2) motion, the plaintiff has the burden of demonstrating the court has jurisdiction over a defendant. *See In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d Cir. 2003).

A New York court has general jurisdiction, *i.e.,* authority to hear claims arising based on the actions of the individual torts, over residents of the state. *See*

4

*Bartosiewicz v. Nelsen*, 564 F.Supp.3d 287, 295 (S.D.N.Y. 2021) (finding defendant resident of Minnesota not subject to general jurisdiction in New York pursuant to N.Y.C.P.L.R. 301) ("C.P.L.R. 301") (New York residents are subject to *in personam* jurisdiction within New York State)).  Under C.P.L.R. 302(a), New York's specific jurisdictional, *i.e.* 'long-arm,' statute, personal jurisdiction may be exercised over a person, if a non-resident, who commits a tortious act within the state or one who commits a tortious act without the state which causes injury to a person or property within the state.  Where a New York resident plaintiff filed a negligence action in this court against a non-resident based on diversity wherein the plaintiff was injured in a car accident that occurred in Pennsylvania, this court dismissed the action on the ground that the plaintiff failed to allege a New York injury or other predicate for long-arm jurisdiction based on C.P.L.R. 302(a).  See *Zywinski v. Alsenas,* 2007 WL 1791224, at *2 (W.D.N.Y. June 19, 2007); see also *Luctama v. Knickerbocker*, 2020 WL 1503563, at *3 (S.D.N.Y. Mar. 30, 2020) (plaintiff's action based on auto accident in Connecticut insufficient to plead personal jurisdiction in New York under C.P.L.R. 302(a)[3]).  That Plaintiff received medical treatment for her injury in New York State also fails to provide a ground for personal jurisdiction based on C.P.L.R. 302(a)[3].  See *Zywinski*, 2007 WL 1791224, at *2 ("'the situs of [plaintiff's] injury is the location of the *original event that caused the injury,* not where the resultant damages [were] [subsequently] felt by the plaintiff.'" (quoting *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 209 (2d Cir. 2001) (italics in *Whitaker*); see also *Filsoof v. Wheelock Street Capital, LLC,* 2023 WL 8280496, at *3 (W.D.N.Y. Nov. 30, 2023) (plaintiff's post-accident medical treatment in New York does not qualify as causing injury to plaintiff in New York as required by

C.P.L.R. 302(a)[3]) (citing *Guccione v. Harrah's Mktg. Servs. Corp.,* 2009 WL 2337995, at *5 (S.D.N.Y. July 29, 2009) (plaintiff's medical treatment in New York where injury occurred in New Jersey provides no basis for jurisdiction pursuant to C.P.L.R. 302(a)[3]); *Strickland,* 2022 WL 2306976, at *3 (where New York resident injured as a result of an auto accident which occurred in Florida sued resident defendants in this district, court found no ground for personal jurisdiction in New York under C.P.L.R. 302(a)).

Here, it is evident that Plaintiff has failed to allege a *prima facie* case of personal jurisdiction under either C.P.L.R. 301 or 302(a).  Plaintiff's sole allegations in support of personal jurisdiction against Defendant supports a finding that Defendant is a citizen of Pennsylvania and, as such, is a New York non-resident not subject to C.P.L.R. 301 jurisdiction.  *See* Complaint (Dkt. 1) ¶ 2.1.  Plaintiff further alleges that the collision which caused Plaintiff's injuries occurred in Bedford Township, also in Pennsylvania.  *Id.* Plaintiff maintains that she suffered a serious injury as a result of the auto accident with Defendant's vehicle in Pennsylvania for which she received treatment in New York State.  Alterio Declaration (Dkt. 8) ¶¶ 3, 10, 11.  As discussed, *see* Discussion, *supra*, at 5-6, that Plaintiff's treatment occurred in New York State is not sufficient to demonstrate an out-of-state tort caused in-state injury.  As regards Defendant's contacts with New York State, Plaintiff states that Defendant's driver's license indicated Defendant is a resident of Pennsylvania, Alterio Declaration (Dkt. 8) ¶ 14, and that Plaintiff is "not aware of his address at the time of the crash . . .." *Id.*  As such, Plaintiff has failed to allege a *prima facie* basis for exercising personal jurisdiction over Defendant pursuant to C.P.L.R. 301 or 302(a)[3].  Nor does Plaintiff allege any facts that Defendant

6

transacted any business within New York State upon which Plaintiff's claim for personal injury to Plaintiff may be predicated pursuant to C.P.L.R. 302(a)[1] (authorizing personal jurisdiction over a claim arising from a defendant transacting any business within New York State).

Should the District Judge conclude otherwise on this issue, Defendant's motion should nevertheless be granted on the ground that to exercise personal jurisdiction over Defendant would violate due process.  In the context of a challenge to personal jurisdiction, due process requires that defendant's contacts with the forum state be sufficient to demonstrate that defendant has purposely availed himself of the benefits and protection of the forum state laws, here, New York's.  *See Oklahoma Firefighters Pension & Ret. Sys. v. Banco Santander (Mexico) S.A. Institucion de Banca Multiple*, 92 F.4th 450, 456 (2d Cir. 2024) ("to have minimum contacts with the forum, the 'defendant . . . must take some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State.'" (quoting *Ford Motor Company v. Montana Eighth Judicial District Court*, 592 U.S. 351, 359 (2021) (further quotation omitted)). Here, Plaintiff's complaint fails to even allege Defendant engaged in such availment as the collision occurred exclusively in Pennsylvania, without any effect in New York State. As such, even if Plaintiff's allegation alleged a sufficient basis for long-arm jurisdiction pursuant to C.P.L.R. 302(a)[3] such exercise would violate Defendant's right to due process.  Therefore, Plaintiff has failed to plead a *prima facie* case supporting that this court may exercise personal jurisdiction over Defendant in this case.  *See One Technologies, LLC v. Amazon.com, Inc.*, 860 Fed. Appx. 785, 787 (2d Cir. 2021) (dismissing action against defendant for lack of personal jurisdiction where plaintiff

7

failed to allege any facts which would establish long-arm jurisdiction or satisfy due process requirements).

Nor does Plaintiff proffer any facts to support Plaintiff's request for jurisdictional discovery.  *See* Plaintiff's Memorandum of Law (Dkt. 8-3) at 5-6.  Courts may, in their discretion, permit discovery to support personal jurisdiction.  Such permission is limited to circumstances whereas although plaintiff failed to plead a *prima facie* showing of personal jurisdiction, plaintiff has shown plaintiff "'may be able to establish jurisdiction if given the opportunity to develop a full factual record.'" *Miami Products & Chem. Co. v. Olin Corp*., 449 F.Supp.3d 136, 187 (W.D.N.Y. 2020) (quoting *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014)).  "In the Second Circuit, jurisdictional discovery is permitted where a plaintiff has 'made a sufficient start toward establishing personal jurisdiction,' such that it appears there may be a colorable jurisdictional claim." *Miami Products & Chem. Co.*, 449 F.Supp.3d at 187 (quoting *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 70 (E.D.N.Y. 2006)).  *See also Best Van Lines v. Walker*, 490 F.3d 229, 255 (2d Cir. 2007) (declining jurisdiction discovery where plaintiff failed to demonstrate a *prima facie* case supporting jurisdiction).  Although in *Miami Product & Chem. Co*., 449 F.Supp.3d at 136, 188-87, the court allowed such discovery when plaintiff provided documents to support defendants were subject to personal jurisdiction in New York State that were neither "sparse" nor "conclusory," here Plaintiff has failed to submit any information by allegation or affidavit to support a colorable basis may exist to exercise personal jurisdiction over Plaintiff's claim.  As such, Plaintiff's submission on the question of personal jurisdiction is without any showing Plaintiff has even a "colorable" basis, *Miami Products & Chem. Co.*, 449 F.Supp.3d at 187, for asserting personal

jurisdiction in New York State sufficient to warrant even limited discovery directed to this issue.  *See also Lehigh Val. Industries, Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) (absence of allegations of "specific facts" connecting defendant to New York State supports trial court's denial of jurisdictional discovery).  As such, Defendant's motion to dismiss pursuant to Rule 12(b)(2) (Dkt. 4) should be GRANTED; Plaintiff's request for jurisdictional discovery is DENIED.

2.  <u>Statute of Limitations/N.Y. Borrowing Statute</u>.

In opposition to Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim based on the expiration of the Pennsylvania 2-year statute of limitations, Defendant's Memorandum of Law (Dkt. 4-1) at 6-8, Plaintiff asserts Plaintiff's claim is timely based on New York's three-year statute of limitations for negligence claims made applicable by N.Y.C.P.L.R. 202 ("C.P.L.R. 202") which provides that an action based on a cause of action accruing outside of New York State cannot be commenced after expiration of the statute of limitations of both New York and the other state except in a case brought by a New York resident.  *See* C.P.L.R. 202 ("the N.Y. Borrowing Statute").  As Plaintiff is a New York resident, Plaintiff contends that her action is timely by operation of C.P.L.R. 202 which provides that a New York resident plaintiff receives the benefit of the New York limitations period.  *See* Plaintiff's Memorandum of Law (Dkt. 8-3) at 6-7.  Specifically, under Pennsylvania law, a negligence action must be commenced within two-years of an auto accident, *see* 42 Pa.Cons.Stat. § 5524(2) ("§ 5524(2)"); whereas New York's applicable limitations period is three-years.  *See* N.Y.C.P.L.R. § 214[5] ("§ 214[5]").  Here, the auto accident at issue allegedly occurred on September 1, 2021, *see* Complaint, Dkt. 1 ¶ 4.4; Plaintiff's action

9

in this court was commenced on July 24, 2024 (*see* Dkt. 1).  Thus, if § 5524(2) is applicable, Plaintiff's claim is time-barred; if § 214[5] is controlling by virtue of Plaintiff's New York residence and application of the N.Y Borrowing Statute, C.P.L.R. 202, the action is timely.  Defendant disputes § 202's applicability on the ground that this court lacks personal jurisdiction over Defendant and thus cannot apply the N.Y. Borrowing Statute.  *See* Defendant Reply Memorandum of Law (Dkt. 10) at 8.

Plaintiff argues that as Plaintiff is a New York resident and commenced this action within three years, the Borrowing Statute exempts Plaintiff's claim from the Pennsylvania's shorter § 5524(2) limitation period.  *See* Plaintiff's Memorandum of Law (Dkt. 8-3) at 7.  Plaintiff's contention overlooks established law that a district court lacks authority to proceed with a case if it determines that it lacks either subject matter jurisdiction or personal jurisdiction over the defendant in the case.  *See Sinochem Intern. Co. Ltd. V. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-21 (2007) (citing *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 93–102 (1998)).  *See also Roistacher v. Bondi*, 624 Fed.Appx. 20, 22-23 (2d Cir. 2015) (citing *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Should the District Judge find, as the undersigned has recommended, *see* Discussion, *supra*, at 4-8, that the court lacks personal jurisdiction over Defendant, the court must dismiss the case or transfer the action (as Plaintiff alternatively requests, *see* Plaintiff's Memorandum of Law (Dkt. 8-3) at 6) pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)") (for the convenience of the parties and witnesses).[3]  *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111-12 (2d Cir.

---

[3]  Plaintiff apparently mistakenly cites to § 1404(a) instead of 28 U.S.C. § 1406 ("§ 1406(a)") (transfer in the interest of justice) as it is unlikely Plaintiff's witnesses could be convenienced by a transfer to the Western District of Pennsylvania.

2001) (district court may transfer pursuant to § 1404(a)).  Such lack of personal jurisdiction therefore precludes the court from consideration of whether Plaintiff's claim is time-barred by § 5524(2) or timely based on C.P.L.R. 202 and C.P.L.R. 214[5].  Where, however, the district court in which the action was filed was without personal jurisdiction over the defendant, although the court has discretion to transfer the case in the interest of justice pursuant to § 1406(a) to another venue where the defendant is subject to personal jurisdiction, the court should refrain from doing so where, as here, the case would be time-barred in the transferee court.  *Luctama v. Knickerbocker*, 2020 WL 1503563, at *4 (S.D.N.Y. Mar. 30, 2020).  Therefore, alternatively, should the District Judge find this court has personal jurisdiction over Defendant, then based on Plaintiff's New York residence, undisputed by Defendant, *see* Defendant's Reply (Dkt. 10) at 8 (agreeing that if this court had personal jurisdiction over Defendant, C.P.L.R. 202 would apply to render the action timely under C.P.L.R. 214[5]), Defendant's motion on this ground should be DENIED.[4]

---

[4] Defendant also asserts Pennsylvania's two-year statute of limitations is applicable based on New York conflicts of law pursuant to which it requires a district court, in a diversity case, to apply the law of the jurisdiction with the most significant contacts to the subject matter in the case.  *See* Defendant's Memorandum of Law (Dkt. 4-1) (citing *Bonerb v. Richard J. Caron Foundation*, 159 F.R.D. 16, 18 (W.D.N.Y. 1994) (a federal court sitting in diversity "applies whatever statute of limitations the courts of the forum state would apply") (citing *Klaxon v. Stetnor Elec. Mfg. Co.,* 313 U.S. 487 (1941) ("*Klaxon*").  However, *Klaxon's* requirement is New York's choice-of-law principles are inapplicable to statute of limitations questions involving an out-of-state negligence claims.  "New York courts apply 'the law of the forum' to matters of procedure, whereas 'matters of substantive law fall within the course charted by choice of law analysis [.]'"  *Segarra v. Delta Airlines, Inc.*, 2020 WL 3127879, at *3 (S.D.N.Y. June 12, 2020) (quoting *Tanges v. Heidelberg North America, Inc.*, 710 N.E.2d 250, 252-53 (N.Y. 1999)).  Under New York law, statutes of limitations are considered procedural.  *See Segarra*, 2020 WL 3127879, at *3 (citing cases); *2138747 Ontario, Inc. v. Samsung C & T Corporation*, 103 N.E.3d 774, 778-79 (N.Y. 2018) (holding that C.P.L.R. 202 is part of New York's statute of limitations and that New York's statutes of limitations are procedural in nature).  Further, as in the instant case, a federal district court setting in diversity is required to apply New York's statute of limitations and Borrowing Statute regardless of whether New York choice-of-law principles may require application of the law of the place of the tort.  *See Segarra*, 2020 WL 3127879, at *2 (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945)).  Thus, it is unnecessary to address Defendant's contention that Pennsylvania's statute of limitations is controlling based on New York's choice-of-law principles.

3. <u>Improper Venue/Transfer</u>.

Defendant's motion to dismiss for improper venue, pursuant to 28 U.S.C. § 1391(b)(2) ("§ 1391(b)(2)") is predicated on Plaintiff's allegation that there is venue in this district because Plaintiff is a resident of this district. *See* Complaint ¶ 2.2 ("Venue is properly before this Court as Plaintiff . . . resides in the Western District of New York."). Defendant's Memorandum of Law (Dkt. 4-1) at 15-16 (citing cases). Defendant contends Plaintiff's residence is irrelevant to the question of proper venue as it fails to comport with the general federal venue statute, § 1391(b)(2), which provides for venue, as relevant, in a district "in which a substantial part of the events or omissions giving rise to the action occurred." "The standard by which to decided a 12(b)(3) motion" . . . requires the court to "accept as true all factual allegations in the non-moving party's pleadings and draw all reasonable inferences in favor of the party opposing the motion." *Sepanski v. Janiking, Inc.*, 822 F.Supp.2d 309, 312 (W.D.N.Y. 2011). For purposes of evaluating assertions of proper venue "*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (italics in original). Where, as here, Plaintiff alleges her New York residence, *see* Complaint ¶ 2.2, and convenience of witnesses, *see* Plaintiff's Memorandum of Law (Dkt. 8-3), as the sole grounds for venue in this district, with the auto collision itself occurring in Pennsylvania (Complaint ¶ 2.1), Plaintiff has failed to allege any significant and material event or omission arising from the Pennsylvania auto accident which has occurred in this District as required by § 1391(b)(2). *See Madison v. Dyal*, 746 F.Supp.2d 450, 452 (W.D.N.Y. 2010) (plaintiff's residence is "irrelevant" under § 1391(b)). Plaintiff's assertion that § 1404(a) provides any basis for satisfying the

12

requirement to § 1391(b) is mistaken as § 1391(b)(2) requires facts which give rise to the cause of action not the convenience of witnesses.  *See Strickland*, 2022 WL 2306976, at *3 (dismissal for improper venue, rather than transfer pursuant to § 1404(a) to another district, was required where the only ground for bringing the action in the district, as alleged in the complaint, was that the plaintiff resided in that district).  That Plaintiff's injury required treatment in New York State does not constitute part of the events giving rise to the action.  *See Rodriguez v. Circus Circus Casinos, Inc.*, 2001 WL 21244, at * 2 (S.D.N.Y. Jan. 9, 2001) (the fact that the plaintiff, a New York resident, did not learn full extent of injuries sustained at the defendant's casino in Nevada until after the plaintiff returned to New York was insufficient to subject the defendant to personal jurisdiction in New York pursuant to C.P.L.R. 302(a)[3]).  Accordingly, Defendants' motion to dismiss, pursuant to Rule 12(b)(3), should be GRANTED.

Nor is there any reason to transfer this case to the Western District of Pennsylvania pursuant to § 1406(a) which provides that where venue is improperly laid in a district, the court shall either dismiss the action or transfer the case to a district in the interest of justice to a district where it may have been brought.  *See* 28 U.S.C. § 1406(a).  The court may consider whether to do so *sua sponte*.  *See Strickland*, 2022 WL 2306976, at *2; *Mitan v. HSBC Bank, N.A*., 2012 WL 5471956, at *1 (W.D.N.Y. Nov. 9, 2012).  As the parties have not raised this possibility, the court nevertheless addresses it in its discretion and upon such consideration finds no reason to transfer the case to the Western District of Pennsylvania as to do so would be futile.

Specifically, in *Broome v. Antlers' Hunting Club*, 448 F.Supp. 121 (M.D.Pa. 1978), the court held that Pennsylvania's one-year statute of limitations applied to

plaintiff's wrongful death claim transferred from this court to that court pursuant to § 1406(a) rather than New York's (the transferor court) two-year statute of limitations. *See Broome*, 448 F.Supp. at 124. Thus, even if Plaintiff had requested a § 1406(a) transfer based on a similar lack of jurisdiction and improper venue in this district, such transfer would be futile as the putative transferee Pennsylvania court would be required to dismiss the action based on the Pennsylvania two-year statute of limitations, § 5524(2), applicable, as a procedural rule, to Plaintiff's negligence claim. *Id. See also Kornfeind v. New Werner Holding Co.*, 280 A.3d 918, 928 (Pa. 2022) ("Under Pennsylvania law, a statute of limitations is considered procedural because it 'extinguishes the remedy rather than the cause of action[,]'" (quoting *Westinghouse Elec. Corp./CBS v. Workers' Comp. Appeal Bd. (Korach)*, 584 Pa. 411, 883 A.2d 579, 588 n.11 (Pa. 2005) (citation omitted in *Kornfeind*))). Courts have held similar § 1406(a) transfers which are likewise futile do not require such transfers as being in the interest of justice as § 1406(a) requires. *See Luctama*, 2020 WL 1503563, at *4 (district courts, acting pursuant to § 1406(a), "should refrain from transferring a case when it 'is a sure loser'") (quoting *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011)). *See also Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 395 (2d Cir. 1992) ("'interest of justice' analysis' element of § 1406(a) should not operate automatically to give a plaintiff an <u>additional</u> opportunity to select the [correct] district of litigation") (quoting *Murphy v. Klein Tools, Inc.,* 693 F.Supp. 982, 988 (D.Kan.1988) (quoting *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir.1986))) (underlining added). Here, significantly, Plaintiff had presumably competent counsel who should have been aware when commencing this action of the prerequisites for personal jurisdiction and venue in this

14

district court as well as the applicable and differing statutes of limitations.  Thus, Plaintiff cannot be heard to complain that as a result of the erroneous positions taken with respect to these issues that Plaintiff's claim is now time-barred.  See *Strickland*, 2022 WL 2306976, at *3 (noting even *pro se* plaintiff should have been aware of variant statutes of limitations based on available public sources).

## CONCLUSION

Based on the foregoing, Defendant's motion (Dkt. 4) should be GRANTED, Plaintiff's request for jurisdictional discovery is DENIED and the Clerk of Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED to as Plaintiff's
Request for Jurisdictional Discovery

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


Dates:  January 24, 2025
          Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation / Decision and Order to the attorney for Plaintiffs and to Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   January 24, 2025
         Buffalo, New York